OPINION
{¶ 1} Plaintiff-appellant Michael Kasco, Jr. appeals from the June 25, 2002, Judgment Entry of the Tuscarawas County Court of Common Pleas granting, in part, the Motion for Summary Judgment filed by defendants-appellees Tuscarawas County, Tuscarawas County Commissioners, and Tuscarawas County Engineer.
 STATEMENT OF THE FACTS AND CASE {¶ 2} Appellee Tuscarawas County contracted with Kelcorp Construction for the construction of a bridge in Tuscarawas County, Ohio. The bridge was constructed between April of 1999 and December of 1999.
 {¶ 3} On August 30, 2001, appellant Michael Kasco, Jr. filed a complaint against appellees Tuscarawas County, Tuscarawas County Commissioners, Tuscarawas County Engineer and against Kelcorp Construction in the Tuscarawas County Court of Common Pleas. Appellant, in his complaint, alleged, in part, that appellees were negligent in the design and construction of the bridge, resulting in damage to appellant's property, and that appellee Tuscarawas County, by and through its agents, wrongfully appropriated part of appellant's land for construction of the bridge. Appellees filed an answer to appellant's complaint on September 10, 2001. As memorialized in a Judgment Entry filed on February 26, 2002, appellant was granted a default judgment against Kelcorp Construction on the issue of liability.
 {¶ 4} Thereafter, appellees filed a Motion for Summary Judgment on May 17, 2002. After appellant filed a memorandum in opposition to the same on June 12, 2002, appellees filed a reply brief on June 24, 2002. Following an oral hearing on appellees' motion, the trial court, pursuant to a Judgment Entry filed on June 25, 2002, granted appellees' motion in part and denied the same in part. The trial court specifically denied appellees' motion on the issue of whether or not appellee Tuscarawas County, by and through its agents, had wrongfully appropriated appellant's property. The trial court, in its entry, indicated that there was "no just reason for delay" pursuant to Civ.R. 54(B).
 {¶ 5} It is from the trial court's June 25, 2002, Judgment Entry that appellant now appeals, raising the following assignments of error:
 {¶ 6} "I. The trial court erred in granting summary judgment in favor of defendant/appellee, Tuscarawas County and Tuscarawas County Engineer, in that they do not have immunity under O.R.C. Chapter 2744 for bridge construction and design.
 {¶ 7} "II. The trial court erred in granting summary judgment in favor of defendant/appellee, Tuscarawas County and Tuscarawas County Engineers, in that they do not have immunity under O.R.C. Chapter 2744 for claims based upon and resulting in violations of the United States and Ohio Constitutions.
 {¶ 8} "III. The trial court committed prejudicial error in the language of its June 25, 2002 judgment entry when it found and adjudged appellant had no recoverable claims against "all defendants" named in causes of action 1, 2 and 3 of said appellant's complaint."
 I {¶ 9} Appellant, in his first assignment of error, argues that the trial court erred in granting summary judgment in favor of appellees Tuscarawas County and Tuscarawas County Engineer. Appellant specifically contends that the trial court erred in holding that such appellees were immune from liability under R.C. Chapter 2744 for bridge construction and design.
 {¶ 10} Summary judgment proceedings present the appellate court with the unique opportunity of reviewing the evidence in the same manner as the trial court. Smiddy v. The Wedding Party, Inc. (1987),30 Ohio St.3d 35, 36, 506 N.E.2d 212. As such, we must refer to Civ.R. 56(C) which provides, in pertinent part:
 {¶ 11} "Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. * * * A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in the party's favor."
 {¶ 12} Pursuant to the above rule, a trial court may not enter summary judgment if it appears a material fact is genuinely disputed. The party moving for summary judgment bears the initial burden of informing the trial court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. The moving party may not make a conclusory assertion that the non-moving party has no evidence to prove its case. The moving party must specifically point to some evidence which demonstrates the moving party cannot support its claim. If the moving party satisfies this requirement, the burden shifts to the non-moving party to set forth specific facts demonstrating there is a genuine issue of material fact for trial. Vahila v. Hall, 77 Ohio St.3d 421, 429, 1997-Ohio-259,674 N.E.2d 1164, citing Dresher v. Burt, 75 Ohio St.3d 280,1996-Ohio-107, 662 N.E.2d 264.
 {¶ 13} The parties in the case sub judice do not dispute that appellee Tuscarawas County is a political subdivision as such term is defined in R.C. 2744.01(F). R.C. 2744.02(A)(1), which sets forth the general grant of immunity for political subdivisions, provides:
 {¶ 14} "(A)(1) * * * Except as provided in division (B) of this section, political subdivision is not liable in damages in a civil action for injury, death, or loss to persons or property allegedly caused by an act or omission of the political subdivision or an employee of the political subdivision in connection with a governmental or proprietary function."
 {¶ 15} In order to overcome the above general grant of immunity, a plaintiff must fit within one of the five exceptions to immunity contained in R.C. 2744.02(B). R.C. 2744.02(B) states, in relevant part, as follows:
 {¶ 16} "(B) Subject to sections 2744.03 and 2744.05 of the Revised Code, a political subdivision is liable in damages in a civil action for injury, death, or loss to person or property allegedly caused by an act or omission of the political subdivision or of any of its employees in connection with a governmental or proprietary function, as follows:
 {¶ 17} "(1) Except as otherwise provided in this division, political subdivisions are liable for injury, death, or loss to person or property caused by the negligent operation of any motor vehicle by their employees upon the public roads, highways, or streets when the employees are engaged within the scope of their employment and authority . . .
 {¶ 18} "(2) Except as otherwise provided in sections 3314.07 and3746.24 of the Revised Code, political subdivisions are liable for injury, death, or loss to person or property caused by the negligent performance of acts by their employees with respect to proprietary
functions of the political subdivisions.
 {¶ 19} "(3) Except as otherwise provided in section 3746.24 of the Revised Code, political subdivisions are liable for injury, death, or loss to person or property caused by their failure to keep public roads, highways, streets, avenues, alleys, sidewalks, bridges, aqueducts, viaducts, or public grounds within the political subdivisions open, in repair, and free from nuisance, except that it is a full defense to that liability, when a bridge within a municipal corporation is involved, that the municipal corporation does not have the responsibility for maintaining or inspecting the bridge.
 {¶ 20} "(4) Except as otherwise provided in section 3746.24 of the Revised Code, political subdivisions are liable for injury, death, or loss to person or property that is caused by the negligence of their employees and that occurs within or on the grounds of buildings that are used in connection with the performance of a governmental function, including, but not limited to, office buildings and courthouses, but not including jails, places of juvenile detention, workhouses, or any other detention facility, as defined in section 2921.01 of the Revised Code.
 {¶ 21} "(5) In addition to the circumstances described in divisions (B)(1) to (4) of this section, a political subdivision is liable for injury, death, or loss to person or property when liability is expressly imposed upon the political subdivision by a section of the Revised Code, including, but not limited to, sections 2743.02 and 5591.37
of the Revised Code. Liability shall not be construed to exist under another section of the Revised Code merely because a responsibility is imposed upon a political subdivision or because of a general authorization that a political subdivision may sue and be sued." (Emphasis added).
 {¶ 22} Thus, the issue for determination is whether bridge construction and design are governmental, as opposed to proprietary, functions. The definitions of governmental function and proprietary function are mutually exclusive. Greene Cty. Agricultural Soc. v.Liming, 89 Ohio St.3d 551, 2000-Ohio-486, 733 N.E.2d 1141.
 {¶ 23} R.C. 2744.01(C)(1) defines a governmental function as follows:
 {¶ 24} "Governmental function" means a function of a political subdivision that is specified in division (C)(2) of this section or that satisfies any of the following:
 {¶ 25} "(a) A function that is imposed upon the state as an obligation of sovereignty and that is performed by a political subdivision voluntarily or pursuant to legislative requirement;
 {¶ 26} "(b) A function that is for the common good of all citizens of the state;
 {¶ 27} "(c) A function that promotes or preserves the public peace, health, safety, or welfare; that involves activities that are not engaged in or not customarily engaged in by nongovernmental persons; and that is not specified in division (G)(2) of this section as a proprietary function."
 {¶ 28} In turn, R.C. 2744.01(C)(2)(e) states that a governmental function includes the "regulation of the use of, and the maintenance and repair of, roads, . . . bridges, . . ."
 {¶ 29} In contrast, R.C. 2744.01(G) defines a "proprietary function", in relevant part, as follows:
 {¶ 30} "(1) "Proprietary function" means a function of a political subdivision that is specified in division (G)(2) of this section or that satisfies both of the following:
 {¶ 31} "(a) The function is not one described in division (C)(1)(a) or (b) of this section and is not one specified in division (C)(2) of this section;
 {¶ 32} "(b) The function is one that promotes or preserves the public peace, health, safety, or welfare and that involves activities that are customarily engaged in by nongovernmental persons."
 {¶ 33} We find that the construction and design of a bridge are governmental functions under R.C. 2744.01(C) since bridge construction is a duty imposed upon the County as an obligation of sovereignty under R.C. 5543.01(A)(1)[1] and bridge construction and design are functions that are performed for the good of all citizens of the State. While appellant cites Enghauser Mfg. Co. v. Ericksson Engineering, Ltd. (1983),6 Ohio St.3d 31, 451 N.E.2d 228 for the proposition that the "[d]octrine of municipal immunity did not shield a municipality from liability for negligently planning, designing, and constructing a bridge which proximately resulted in flooding" of abutting property, we note that Chapter 2744 was specifically enacted in response to the judicial abolishment of the common-law doctrine of sovereign immunity for municipal corporations in Enghauser and other cases. See Haynes v.Franklin, 95 Ohio St.3d 344, 346, 2002-Ohio-2334, 767 N.E.2d 1146. As noted by the court in Haynes, R.C. Chapter 2744 "established statutory tort immunity in some cases in which political subdivisions, . . . may otherwise be sued in negligence." Id. Thus, as noted by appellees, since Enghauser predates R.C. Chapter 2744, it lacks precedential value in interpreting R.C. Chapter 2744.
 {¶ 34} Based on the foregoing, we find that the construction and design of a bridge are governmental functions. Since none of the exceptions to nonliability set forth in R.C. 2744(B), cited above, are applicable, we find that the trial court did not err in holding that appellee Tuscarawas County was immune from liability.
 {¶ 35} We further find that appellee Tuscarawas County Engineer is immune from liability. Pursuant to R.C. 2744.03(A)(6), employees of a political subdivision are immune from liability unless the employee's acts or omission were manifestly outside the scope of the employee's employment or official responsibilities, or were with malicious purpose, in bad faith, or in a wanton or reckless matter. In the case sub judice, appellant has not alleged that any of the above exceptions to employee immunity apply. Rather, as appellees note in their brief, the "`within the scope' has been plead and admitted, and therefore, the employees have no liability."
 {¶ 36} For the foregoing reasons, we find that the trial court did not err in granting summary judgment in favor of appellees Tuscarawas County and Tuscarawas County Engineer with respect to the issue of bridge construction and design.
 {¶ 37} Appellant's first assignment of error is, therefore, overruled.
 II {¶ 38} Appellant, in his second assignment of error, argues that the trial court erred in granting summary judgment to appellees Tuscarawas County and Tuscarawas County Engineer since they do not have immunity under R.C. Chapter 2744 "for claims based upon and resulting in violations of the United States and Ohio Constitutions."
 {¶ 39} As is stated above, appellant, in his complaint, alleged in his Fourth Cause of Action that appellee Tuscarawas County, by and through its agents, wrongfully appropriated appellant's land while constructing the bridge. The trial court, in its June 25, 2002, Judgment Entry, expressly held that appellee Tuscarawas County was not entitled to summary judgment on such cause of action. There are no other causes of action in appellant's complaint alleging such an unconstitutional taking.
 {¶ 40} Appellant's second assignment of error is, therefore, overruled.
 III {¶ 41} Appellant, in his third assignment of error, contends that the trial court erred when, in its June 25, 2002, Judgment Entry, it "found and adjudged appellant had no recoverable claims against `all defendants' named in causes of action 1, 2 and 3 of appellant's complaint."
 {¶ 42} The trial court, in its June 25, 2002, Judgment Entry, stated, in part, as follows:
 {¶ 43} "FINDS that from a review of the evidence to be considered pursuant to Rule 56, Ohio Rules of Civil Procedure, reasonable minds can come to but one (1) conclusion on Plaintiff's Causes of Action 1, 2, and 3 pertaining to all Defendants and on Causes of Action 1, 2, 3 and 4 pertaining to all individual Defendants as those causes of action are set forth in the Complaint against the Defendants and that conclusion is unfavorable to the Plaintiff, the party against whom the Motion for Summary Judgment has been made, said Plaintiff having been entitled to, and having received, a construction of said evidence most strongly in his favor." (Emphasis Supplied.) . . .
 {¶ 44} "FINDS that the evidence allowed to be considered on a Summary Judgment Motion supports the conclusion that Plaintiff has no recoverable claims against all Defendants on Causes of Action 1, 2, and 3 and no recoverable claims against the individual Defendant on Cause of Action 4 as well." (Emphasis Supplied.) . . .
 {¶ 45} "ORDERED, ADJUDGED and DECREED that Defendant's 5/17/2002 Motion for Summary Judgment is Granted as follows:
 {¶ 46} "Summary Judgment is Granted to all individual Defendants
against Plaintiff on Causes of Action 1, 2, 3, and 4." Appellant argues that by including the above underlined language in its entry, the trial court may, "in its exuberance", have reversed the default judgment granted in favor of appellant and against Kelcorp.
 {¶ 47} However, as noted by appellees, in their brief, Kelcorp Corporation did not join in the Motion for Summary Judgment filed by appellees. The language "all Defendants" clearly, therefore, only applies to appellees.
 {¶ 48} Appellant's third assignment of error is, therefore, overruled.
 {¶ 49} Accordingly, the judgment of the Tuscarawas County Court of Common Pleas is affirmed.
Edwards, J., Farmer, P.J. and Boggins, J. concur In Re: Sovereign Immunity/Bridge.
[1] Such section states, in part, as follows:
"A) Except as provided in division (B) of this section, the county engineer shall have general charge of the following:
"(1) Construction, reconstruction, improvement, maintenance, and repair of all bridges and highways within the engineer's county, under the jurisdiction of the board of county commissioners;"